UNITED STATES of America, Plaintiff,

v.

The VILLAGE OF AIRMONT, Airmont Civic Association, Ralph Bracco in his capacity as Mayor of the Village of Airmont, John C. Layne, Raymond Kane, Charles Calotta and Ronald Sabo, in their capacities as Trustees of the Village of Airmont, Defendants.

No. 91 Civ. 8453 (GLG).

United States District Court, S.D. New York.

April 25, 1996.

Craig L. Parshall, Law Offices of Craig Parshall, Fredericksburg, Virginia, for Plaintiffs Rabbi Yitzchok LeBlanc–Sternberg, Chanie LeBlanc–Sternberg, Fred Walfish, Lewis Kamman and Park Avenue Synagogue, Inc.

Sara L. Shudofsky, Assistant United States Attorney, Southern District of New

York, New York City for Plaintiff United States of America.

Dennis E.A. Lynch, Dorfman, Lynch & Knoebel, Nyack, New York, and Brian S. Sokoloff, Thurm & Heller, New York City, for Defendants Village of Airmont, Raymond Kane, Maureen Kendrick and John C. Layne.

Edmund C. Grainger, III, McCullough, Goldberger & Staudt, White Plains, New York, for Defendants Robert Fletcher and Nick Vertullo.

## *ORDER AND JUDGMENT*

GOETTEL, District Judge.

This action having been remanded by the Court of Appeals for the entry of declaratory and injunctive relief as against the Village of Airmont (the Airmont Civic Association having defaulted at the outset of the action), it is ORDERED that:

(1) The defendant Village of Airmont has violated the Fair Housing Act by enacting its Zoning Code.

(2) The Court enjoins the defendant Village of Airmont and its officers, employees, agents, successors, and assigns, as appropriate, and all those acting in concert or participation with them, from:

(a) engaging in any conduct having the purpose or effect of perpetuating or promoting religious discrimination or of denying or abridging the right of any person to equal opportunity on account of religion, including, but not limited to, interpreting the Home Professional Office provision of the Airmont Zoning Code, or any other provision of the Airmont Zoning Code, so as to hinder, prevent, or prohibit persons from assembling in residential dwellings for the purposes of group prayer;

(b) discriminating against any person or group or persons on account of religion in connection with the planning, development, construction, acquisition, financing, operation or approval of any housing in the Village of Airmont;

(c) interfering with any person in the exercise of his right to secure equal housing opportunity for himself or for others; and

(d) taking any action which in any way denies or makes unavailable housing to persons on the basis of religion.

(3) The Village and its officials shall make the following revisions, modifications, deletions, and additions to the Village of Airmont Zoning Code, and take other affirmative steps as set forth below:

(a) The following paragraph will be added to Article I, Section 3 ("Purposes") of the Airmont Zoning Code:

*G.* Nothing in this Zoning Code of the Village of Airmont, New York shall be construed or interpreted in any manner whatsoever so as to hinder, prevent, or prohibit individuals from peacefully assembling in residential dwellings solely for the purposes of individual or group prayer.

(b) The following paragraph will be added to Section 2 of Article XVIII ("Definitions"):

*RESIDENTIAL PLACE OF WORSHIP*—An area located within a residence that is used for the conducting of religious services. It is the intent of this Local Law that the presence of pedestrians walking to and from religious services at a Residential Place of Worship shall not in and of itself constitute a change in the residential character of the neighborhood.

(c) The Residential Place of Worship will be permitted by right on any day in all residential zones. This use would be listed in Article III as Section 5.4(A)(*5*) with respect to the R–35 zone.

(d) The term "Place of Worship," defined in Section 2 of Article XVIII ("Definitions"), will be deleted and the term "Free–Standing Place of Worship" substituted in its place throughout the Local Law, and the following will be added to the definition: "except that a portion of the building or structure may be dedicated as living quarters for clergy and their families."

(e) Neighborhood Place of Worship will be defined in Section 2 of Article XVIII ("Definitions") as follows: a building or structure on a lot of at least 20,000

square feet that is used exclusively for the conducting of organized religious services.

(f) The Neighborhood Place of Worship will be permitted in all residential zones, not just the R–15 zone.

(g) In Section 2 of Article XVIII, the last two sentences of the definition of "Home Professional Office" will be deleted.

(4) The following additional affirmative relief shall be ordered:

(a) For a period of five years, the Village and its officials will notify, in advance, counsel for the United States of all meetings of the Village Planning Board and Village Zoning Board of Appeals in which any application relating to religious worship will be considered, and will provide copies of the agendas of those meetings to counsel for the United States in advance of the meetings.

(b) For a period of five years, the Village and its officials will report to the United States, through counsel, of any proposed changes in the Village's zoning ordinances relating to religious worship, other than those set forth above.

(c) After five years, the defendant may move the Court to terminate this provision of the order.

So Ordered.